**ROLOFF et al. v. PERDUE, Milk Market Administrator, et al.**

**No. 10.**

District Court, N. D. Iowa, E. D.

May 20, 1940.

Smith & O'Connor, of Dubuque, Iowa (E. Marshall Thomas, of Dubuque, Iowa, of counsel), for plaintiffs.

Edward G. Dunn, U. S. Atty., of Mason City, Iowa, John S. L. Yost, Sp. Asst. to Atty. Gen., and Mary Connor Myers, Principal Atty., Solicitor's Office, Department of Agriculture, of Washington, D. C., for defendants.

SCOTT, District Judge.

This is a civil action by Al Roloff, a dairy proprietor of Grant County, Wisconsin, and twenty-one farmer milk producers of that county supplying Roloff in part, against William O. Perdue, Milk Market Administrator, and C. W. Gould, Assistant Milk Market Administrator, under Federal Milk Order No. 12, as amended, for a declaratory judgment determining that milk received by Roloff from his twenty-one co-plaintiffs and used by him in the manufacture of cheese, butter, and other dairy products at his dairy in Grant County, Wisconsin, should be included in a pooling arrangement under Milk Order No. 12 as amended, for the Dubuque, Iowa Marketing Area, and the twenty-one farmer plaintiffs be declared "producers" under the terms of said order, and that Roloff be declared a "handler" under the terms of

said order, both as to milk used by him for fluid milk and cream distribution, and milk used by him for the manufacture of cheese, butter, and other dairy products and not disposed of as milk or cream in the marketing area; and in the event such prayer is denied the Court declared said milk order violative of the Fifth Amendment to the United States Constitution upon the ground that it deprives plaintiffs of liberty and property without due process of law and takes plaintiffs' property for public use without just compensation.

Defendants filed a motion to dismiss the complaint upon four separate grounds: (1) That the Court is without jurisdiction for the reason that neither defendant has authority to invoke or enforce the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq.; (2) As to all plaintiffs except Roloff, on the ground that the complaint fails to state a claim upon which relief can be granted; (3) For the reason the complaint shows on its face that the plaintiff Roloff has not availed himself of the administrative remedy provided by § 608c (15) (A) of the Agricultural Marketing Agreement Act of 1937 (Title 7, U.S.C.A.); and (4) For that the complaint shows upon its face that none of the milk produced by the twenty-one producer-plaintiffs, and used by Roloff for the manufacture of cheese and butter, moves in interstate commerce, affects, burdens, or obstructs interstate marketing in milk distributed in the Dubuque Marketing Area as fluid milk and cream, and that the handling of milk manufactured into cheese and butter by Roloff is not such handling of milk as is made subject to the regulatory provisions of the Agricultural Marketing Agreement Act by the terms thereof. Upon the filing of the motion it was ordered by the Court that its submission be deferred until the trial of the cause and ordered the defendants to answer within a time stated. The defendants answered, admitting the allegations of the complaint with a few exceptions, which were later by stipulation eliminated. So that on the trial of the cause and the submission of the motion plaintiffs used but one witness, Roloff, to detail the handling and manufacturing activities at the dairy, and one witness, McNeely, the Clerk, to identify certain documents offered. The Milk Order in question was offered in evidence, together with other documents not necessary to be mentioned here. The defendants offered no

evidence. In this situation the evidence of record is without conflict.

The admitted allegations of the complaint establish that on September 17th, 1936, the Secretary of Agriculture under the authority of the Agricultural Adjustment Act, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., issued an order effective October 1st, 1936, establishing and defining the "Dubuque, Iowa, marketing area" for the regulation of the handling of milk in the area, and after the Agricultural Adjustment Act had been superseded by the Agricultural Marketing Agreement Act of 1937, said order was amended to conform to the provisions of the latter Act, said amended order becoming effective June 16th, 1939, and the complaint here involved is for the declaration of rights under the latter order.

The record establishes that Al Roloff owns and operates the "Happy Corners Dairy" in Grant County, Wisconsin, and is supplied with milk by about forty-two farmer-producers. The milk received from eleven of these farmers is kept separate and sold as fluid milk and cream in the Dubuque, Iowa, marketing area, hereinafter called the marketing area. The milk purchased from the twenty-one farmer-plaintiffs is intermingled with the milk received from the remainder of the forty-two farmer-producers, and used for the manufacture of cheese and butter and possibly at times some other products. That such cheese and butter and other manufactured products with the exception of a few hundred pounds of butter sold in the marketing area, is sold for shipment out of the State of Wisconsin, and largely to Schmitt Brothers and Walther Company at Platteville, Wisconsin, who purchase for reselling to Armour & Company and Swift & Company of Chicago.

The alleged contention of the plaintiffs is that the milk produced by the twenty-one farmer-plaintiffs and others similarly situated, and the milk produced by the eleven farmers should alike be included in the pool arrangement, whereas it is the alleged contention of the defendants that only the eleven farmers who produce, sell and deliver milk to the plaintiff, Roloff, which is used for sale by him in the marketing area as milk or cream, should be so included. The respective contentions so alleged by the plaintiffs are admitted by the defendants, and these opposing contentions present the actual controversy sought to be declaratively determined.

After scanning, and deleting surplus verbiage, the pertinent part of the order I think may be stated as follows:

"Now, therefore, the Secretary of Agriculture, * * * orders that such handling of milk in the Dubuque, Iowa, marketing area, as is in the current of interstate commerce or which directly burdens, obstructs, or affects interstate commerce, shall, from the effective date hereof, be in compliance with the following terms and conditions:

"The term 'Dubuque, Iowa, marketing area,' hereinafter called the 'marketing area,' means the territory within the corporate limits of the city of Dubuque, Iowa, territory within the township of Dubuque, Iowa, sections 1, 2, 3, 11 and 12 of the township of Table Mound, and sections 5 and 6 of the township of Mosalem, all in the county of Dubuque in the State of Iowa, and the territory within the corporate limits of the city of East Dubuque in the county of Jo Daviess, in the State of Illinois.

* * * * * * *

"The term 'producer' means any person, * * * who produces milk which is received at the plant of a handler from which milk is disposed of in the marketing area or which is caused to be delivered by a handler from such a plant to a plant from which no milk is disposed of in the marketing area.

"The term 'handler' means any person, * * * wherever located or operating, who engages in such handling of milk (which is disposed of as milk or cream in the marketing area) as is in the current of interstate commerce or which directly burdens, obstructs, or affects interstate commerce in milk and its products."

In the original text the above parenthetical statement is set off by commas only—the curved line parentheses are mine. I think the clause in question must be read parenthetically not only to bring out the true meaning of the paragraph, but to preserve its grammatical structure.

"Milk of a producer which a handler causes to be delivered to a plant from which no milk is disposed of in the marketing area, and all milk received by each handler, including milk produced by him, if any, shall be classified by the market administrator in the classes set forth in paragraph (b) of this section, subject to the provisions of paragraphs (c) and (d) of this section.

"(b) Classes of Utilization. The classes of utilization of milk shall be as follows:

"(1) Class I milk shall be all milk disposed of in the form of milk and all milk not accounted for as Class II milk, Class III milk, or Class IV milk.

"(2) Class II milk shall be all milk used to produce cream which is disposed of in the form of cream for consumption as cream.

"(3) Class III milk shall be all milk specifically accounted for as used to produce a milk product other than those specified in Class II milk and Class IV milk.

"(4) Class IV milk shall be all milk specifically accounted for as used to produce butter or cheese, except cottage cheese, and all milk accounted for as actual plant shrinkage but not to exceed 3 percent of the total receipts of milk from producers."

It will be observed that the order in the various preceding quoted paragraphs purports to deal only with the handling of milk and nowhere does such order purport to deal with handling of "milk and its products", or with the "products of milk". An examination of the Agricultural Marketing Agreement Act of 1937 I think clearly contemplates that orders may regulate the handling either of milk, milk and its products, or the products of milk only. § 608c. Title 7, U.S.C.A., subsection (1), provides: "The Secretary of Agriculture shall, subject to the provisions of this section, issue, and from time to time amend, orders applicable to processors, associations of producers, and others engaged in the handling of any agricultural commodity or product thereof specified in subsection (2) of this section." It will be observed here that the disjunctive form is used indicating that either a commodity or its products may be brought within the terms of an order. The subsection just referred to enumerates "Milk" as one of the commodities to which an order is made applicable. Passing to subsection (5), I find this language: "In the case of milk and its products, orders issued pursuant to this section", etc. Again under subsection (5) (B) we find the language: "Providing: (i) for the payment to all producers and associations of producers delivering milk to the same handler of uniform prices for all milk delivered by them: Provided, That, except in the case of orders covering milk products only," etc. Here it appears

clearly that the Act contemplates orders applying to products only.

Counsel for plaintiffs point out that to reject the inclusion of milk used by Roloff for the manufacture of butter and cheese would be inconsistent with that portion of the order which requires the classification of milk in four classes, inasmuch as Class IV milk includes "all milk specifically accounted for as used to produce butter or cheese, except cottage cheese," etc. This contention I think overlooks the fact that milk may be disposed of in the area by Roloff for use in the production of butter and cheese, and the order only requires that milk so disposed of be accounted for as used for such purpose, in which case it will be classified as Class IV milk and accorded all of the advantages of the "producer-settlement fund".

I conclude that the handling by the plaintiff, Roloff, of the milk produced by his twenty-one farmer co-plaintiffs, is not such handling of milk·as is embraced within the terms of Milk Order No. 12, as amended, and that such order properly interpreted excludes milk products, including butter and cheese, not made from fluid milk or cream handled within the area.

Having so concluded, we come to the question of the disposition of the motion and the case. I doubt the sufficiency of any one ground of the motion to cope with the entire case. The fourth ground might be applied if divided, for as a whole it seems to be duplicitous. However, I prefer not to rest the decision upon any particular ground of the motion, but upon facts specifically found and conclusions of law stated. I have prepared findings of fact and conclusions of law which will be filed with this opinion, and judgment will be entered dismissing the plaintiffs' complaint and taxing the costs to the plaintiffs.