## KASPER et al. v. NATIONAL ELECTRIC PRODUCTS CORPORATION.

Civ. A. No. 6279.

District Court, W. D. Pennsylvania.
April 10, 1947.

Eugene A. Caputo, of Ambridge, Pa., and Louis Vaira, of Pittsburgh, Pa., for plaintiffs.

James M. Houston, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action by Charles J. Kasper and Oliver B. Young, for and in behalf of themselves and other employees, against the National Electric Products Corporation, to recover compensation for the seventh consecutive day of work at rates double the regular rate from October 1, 1942 until August 21, 1946, together with an equal amount of liquidated damages, attorneys fees and costs.

The jurisdiction averment in the complaint is that "the jurisdiction of this Court arises by diversity of citizenship and under 28 U.S.C.A. § 41(a), giving this Court jurisdiction 'of all suits and proceedings arising under any law regulating commerce' and under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b)."

928

This action is now before the Court on defendant's motion to dismiss for the reason that the amount actually in controversy is less than $3,000, exclusive of interest and costs; the matter in controversy does not arise under section 16(b) of the Fair Labor Standards Act, or under any law regulating commerce, and for the additional reason that the complaint fails to state a claim against defendant upon which relief can be granted.

Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that defenses of lack of jurisdiction over the person or the subject matter or by "failure to state a claim upon which relief can be granted", may be made by motion. Rule 56(b) and (c) provides that a party against whom a claim is asserted may, at any time, move for a summary judgment in his favor. That the judgment sought shall be rendered if the pleadings, etc., show that except as to damages, there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

■ Plaintiffs conceded at the oral argument that this Court did not have jurisdiction by reason of diversity of citizenship; also that this Court did not have jurisdiction under section 16(b) of the Fair Labor Standards Act of 1938. However, plaintiffs, in their brief, asserted, without argument, that this Court had jurisdiction under said Act. This Act provides in section 16(b) that any employer who violates the provisions of section 6 or 7 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation. Section 6 relates to minimum wages. Section 7 relates to maximum hours. This Court does not have jurisdiction under said Act.

■ Plaintiffs contend that this Court has jurisdiction under the provisions of the Act of Congress, 28 U.S.C.A. § 41(8), conferring jurisdiction on United States District Courts, which confers jurisdiction on such Courts in: "Suits for violation of interstate commerce laws. Eighth. Of all suits and proceedings arising under any law regulating commerce. (Mar. 3, 1911,

c. 231, § 24, par. 8, 36 Stat. 1092; Oct. 22, 1913, c. 32, 38 Stat. 219.)"

The complaint does not allege any Act of Congress that has been violated which would entitle the plaintiffs to the compensation claimed. Evidently there is no such statute. Executive Order No. 9240, as amended by Executive Order No. 9248, 40 U.S.C.A. § 326 note, is not such a law or statute. (This order will be discussed later in this opinion.) Plaintiffs cited in support of their contention, Roloff v. Perdue, D.C. Iowa, 33 F.Supp. 513 and Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733. These cases arose under the provisions of the Agricultural Marketing Agreement Act, 7 U.S.C.A. § 601 et seq., which conferred authority upon the Secretary of Agriculture to promulgate orders thereunder. Said Act was an Act regulating commerce and hence jurisdiction would arise under the aforesaid provision of the Judicial Code. Plaintiffs also cited Crabb v. Welden Brothers, D.C.S.D.Iowa, 65 F.Supp. 369. Said action was based upon a contract or contracts in which Executive Order 9240, as amended, was made a part of the contract or contracts.

■ Plaintiffs argued orally and in writing that this Court had jurisdiction by virtue of the aforesaid Executive Order 9240, as amended by Executive Order 9248. This order was made September 9, 1942; it was amended September 17, 1942; it became effective October 1, 1942. This order provides:

"I. That the following principles and regulations shall apply for the duration of the war to the payment of premium and overtime wage compensation on all work relating to the prosecution of the war * * *

"(1) Where because of emergency conditions an employee is required to work for seven consecutive days in any regularly scheduled workweek a premium wage of double time compensation shall be paid for work on the seventh day."

There is no averment in the complaint that the compensation claimed is for work relating to the prosecution of the war. Consequently, this action is not covered by said Order.

Plaintiffs, in their complaint, allege in Division 2, Paragraph 1, that the defendant was engaged in interstate commerce, and in Paragraph 2 that the plaintiffs were engaged in the production of goods for interstate commerce. Plaintiffs allege in their complaint in Division 3, Paragraph 1, that during the entire period of the operation of Executive Order 9240, as amended by Executive Order 9248, from October 1, 1942 until August 21, 1945, when said order was revoked, that defendant corporation violated provisions of said Executive Order and in paragraph 2 of said division that: "* * * defendant company employed the employees on whose behalf this action is brought in interstate commerce and in the production of goods for interstate commerce and in the production of goods for interstate commerce as aforesaid for workweeks consisting of seven consecutive days and did fail and refuse to compensate said employees for their employment for the seventh consecutive day of work at rates double the regular rate at which said employees were employed, and as provided for in said Executive Order 9240 as amended."

As the work for which compensation is claimed is not within the provisions of the Executive Order aforesaid, it is not necessary to discuss said order. However, it may not be amiss to state that said Executive Order is not a law in itself, nor was it authorized by any law when it was adopted in 1942. The Act relied upon by plaintiffs, the Stabilization Act, 50 U.S.C.A.Appendix, § 961 et seq., was passed by Congress October 2, 1942.

In Sweet v. B. F. Goodrich Co., D.C.N.D. Ohio E.D., 68 F.Supp. 782, which was an action to recover overtime pay in emergency, under Executive Order 9240, as amended, the Court sustained the defendant's motion that it did not have jurisdiction of the action stating: "* * * The District Court is one of limited jurisdiction which the Congress can grant or take away. Jurisdiction is never a question to be left to doubt. If the Congress grants it it must appear by clear and unambiguous provisions. No grant of jurisdiction either directly or by delegation provides a forum here for the violation of Executive Order No. 9240, 40 U.S.C.A. § 326 note." See

Steiner v. Pleasantville Constructors, Inc., 1944, 182 Misc. 66, 49 N.Y.S.2d 42.

In Dobie on Federal Procedure, page 25, it is stated: "Every federal court is a court of limited, not of general, jurisdiction. All presumptions are against the jurisdiction of such a court, so that the facts disclosing the jurisdiction must affirmatively appear upon the record."

The plaintiffs are not entitled to the relief sought as the averments in their complaint fail to aver sufficient facts to bring this case within the provisions of Executive Order 9240, as amended. If the averments of fact brought the action under the provisions of said Executive Order, then this Court is without jurisdiction, as said order is not a law, nor was it authorized by any law of the United States. For the reasons already stated, the other averments, as to jurisdiction, cannot be sustained.