**HYGEIA DAIRY COMPANY, Plaintiff,**

**v.**

**Ezra T. BENSON, Secretary of Agriculture, Defendant.**

**Civ. A. No. 1064.**

United States District Court
S. D. Texas, Brownsville Division.
March 25, 1957.

Tisinger & Sloan, Austin, Tex., Lorimer Brown, Harlingen, Tex., for plaintiff.

Malcolm R. Wilkey, U. S. Atty., Sidney Farr, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Hygeia is a Texas corporation doing business principally in Cameron and Hidalgo Counties, in this district and division, purchasing milk from producers in that area and outside the state,[1] selling the milk and milk products to the public in the lower Rio Grande Valley. This action is for declaratory judgment as to whether the Secretary of Agriculture has power under the Agricultural Marketing Act of 1937, 50 Stat. 246, 7 U.S.C.A. § 601 et seq., to take certain action which plaintiff says he *may*, but has not the power to, take.

Plaintiff alleges in substance:

(1) Heretofore the Secretary promulgated an Order No. 98, regulating the handling of milk in the Corpus Christi Marketing Area (made up of Nueces, Jim Wells, Kleberg, Brooks, Duval, Live Oak and San Patricio counties); that milk producer headquarters at Corpus Christi (Nueces county) have renewed

1. See C.A. 1063, Br.Div., Hygeia v. Big State Creamery et al.

a previous unsuccessful effort to have Cameron and Hidalgo counties incorporated into the Corpus Christi area and to effectively establish Federal Marketing Control over the adjoining counties of Willacy and Starr; that plaintiff opposed and still opposes these efforts; that the Secretary has given official notice at a hearing to be held on January 8, 1957.[2]

(2) That controversies exist between plaintiff and defendant involving official action taken and threatened which plaintiff challenges as not being authorized by law; that plaintiff believes that these matters do not conflict with defendant's right to proceed administratively under the Act.

The asserted controversies are best summarized in the prayer in which plaintiff asks that the court enter judgment declaring:

(a) That the Secretary has no lawful authority to fix the minimum prices to be charged plaintiff for milk at any figure in excess of the parity price for milk;

(b) That the producers supplying milk to the present Corpus Christi Marketing Area (who do not also deliver their own milk to processors in either Cameron or Hidalgo counties) should not be allowed to vote Cameron and Hidalgo counties into the Corpus Christi Area against the wishes of the producers delivering their own milk in Cameron and Hidalgo Counties, nor should the Coastal Bend Producers Association (headquartered at Corpus Christi) be allowed to cast a bloc vote on their behalf.

(c) That the Secretary has no lawful authority to establish or maintain the existing price differentials between Corpus Christi and San Antonio or impose same upon plaintiff or other processors in Cameron and Hidalgo counties, and no lawful authority to establish the proposed 17¢ price differential between Corpus Christi and Cameron, Hidalgo and the other Valley counties.

Plaintiff also alleges that, if the Secretary makes the orders feared, it will be damaged many thousands of dollars annually. Plaintiff emphasizes, however, that no injunction is asked for, the only relief sought being a decree that the Secretary has not the power under the statute to do these things.

Defendant moves to dismiss because of: (1) want of jurisdiction over (a) the person of the Secretary; (b) the subject matter; and (c) failure to state a claim upon which relief can be granted.

The complex and challenging milk problem which has commanded the best efforts of Congress and the Department of Agriculture are set out in many cases, among them United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 and Benson v. Schofield, 98 U.S.App.D.C. 424, 236 F.2d 719.

Plaintiff contends that this court has jurisdiction over the person of the Secretary because (a) section 608c(15) (B) of Title 7 vests jurisdiction in the District Court in which a handler resides or has his principal place of business *to review a ruling* of the Secretary: therefore (b) such section "must provide the essential jurisdiction for determining the same issue in this declaratory judgment proceeding" under 28 U.S.C.A. § 2201. But *this is not a proceeding to review a ruling.* No ruling has been made. Plaintiff's contention seeks to place the cart before the horse even where there is no horse.

■■■ The Declaratory Judgment Act does not confer jurisdiction here over the person of a defendant who is not a resident of, or found, in this state. The

---

2. This action was filed on Dec. 8, 1956. Motion to dismiss filed January 10, 1957 and amended motion to dismiss on Jan. 24, 1957. The court has noted from the press that the hearing has been held, plaintiff appearing therein. Apparently the Secretary has taken no action.

court's process cannot be served outside the state in an action in personam.[3] Benson is the only defendant in this action unlike, for instance, Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 and Brownell v. We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225, where the Secretary was held not to be an indispensable party because the official action sought to be restrained was to be carried out by a resident official of the immigration service. Because, however, this might be cured by an amendment joining resident representatives of the Secretary, and this court would have to decide the other questions raised, I shall pass on the other contentions as was done in Benson v. Schofield, supra.

■ In view of the provisions for *administrative* review,[4] found in section 8c(15) (A), and the right of *judicial* review of any "ruling", found in section 8c(15) (B),—the very section plaintiff relies on here—and the further fact that no "ruling" has been made, I do not believe the court has jurisdiction over the subject matter at this stage. Clearly the action is premature as in Benson v. Schofield, supra. Even if an order had been made by the Secretary, plaintiff would have to comply, it would have to exhaust the adminstrative remedy provided in the Act and could not even assert the present contentions as a defense in an enforcement proceeding. United States v. Ruzicka, supra.

■ Even if the Court has jurisdiction, no facts are alleged to justify the court in giving an "advisory" declaratory judgment. No other relief is asked and, clearly under all the cases, the court can neither enjoin the order nor permit such matters to be set up as a defense in an enforcement proceeding until adminstrative remedies have been exhausted. The action itself is equitable in nature, the court having discretion as to whether it shall be entertained. Since Congress has struggled with the problem of all surpluses, and the dairy industry in general, for years and wisely delegated these matters to the Secretary, providing for both adminstrative and judicial review, and further in view of the fact that the rulings plaintiff fears may never be made, I hold that no claim is stated upon which the court can or should grant relief. Plaintiff cites District Court decisions,[5] all decided long prior to the Ruzicka and Benson cases, which are, I think, otherwise distinguishable.

Defendant's motion to dismiss will be sustained on all grounds urged and, alternatively, by refusal to entertain the proceeding in the exercise of my discretion. The Clerk will notify counsel of the filing of this memorandum. Counsel for defendant will submit an order accordingly.

3. Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C.A.

4. For which no provision was made as to *producers*, Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733.

5. Black v. Little, D.C.Mich.1934, 8 F.Supp. 867; Roloff v. Perdue, D.C.Iowa 1939, 31 F.Supp. 739, 33 F.Supp. 513; Chester C. Fosgate Co. v. Kirkland, D.C.Fla. 1937, 19 F.Supp. 152.