**UNITED STATES of America,**
**Plaintiff,**

v.

**IDEAL FARMS, Inc., Defendant.**
**Civ. A. No. 1045–57.**

United States District Court
D. New Jersey.
May 1, 1958.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., and John M. Durbin, Washington, D. C., for the Government.

Edward G. Weiss, Paterson, N. J., by John J. Gavenda, Paterson, N. J., Daniels & Swope, by Willis F. Daniels and Donn L. Snyder, Harrisburg, Pa., for defendant.

WORTENDYKE, District Judge.

This action is brought under 7 U.S. C.A. § 608a(6) to compel compliance with and to enjoin the violation of Milk Marketing Order No. 27 (hereinafter referred to as Order), promulgated to regulate the handling of milk in the New York-New Jersey milk marketing area. 22 Fed.Reg. 4643. Plaintiff also seeks judgment in the aggregate of the amounts, with interest, billed to defendant by the Market Administrator for payment to the Producer Settlement Fund (hereinafter referred to as Fund), pursuant to the provisions of the Order.

The complaint charges that the defendant is a "handler" of milk as defined in Section 927.7 of the Order, and that, as such a handler, defendant has violated and continues to violate Section 927.77 of the Order by failing and continuing to refuse to pay to the Market Administrator, for and on behalf of the Fund, the respective amounts called for by the billings aforesaid.

In its answer the defendant impugns the legality of the Order insofar as it

includes Northern New Jersey within the marketing area described in Section 927.3 thereof, because, as defendant contends, the Order was issued without proper notice of hearing and fair opportunity to interested parties to be heard upon the proposal thereof, contrary to the provisions of the Agricultural Marketing Agreement Act of 1937 (7 U.S.C.A. § 601 et seq.), hereinafter referred to as Act, and to the Administrative Procedure Act (5 U.S.C.A. § 1001 et seq.), and also contrary to the rules and regulations promulgated under both statutes and to the Fifth Amendment of the United States Constitution.

While attacking the validity of the Order, defendant nevertheless admits that it is a "handler" as defined therein and claims that it has paid into the Fund all moneys by it required to be paid, except moneys billed upon milk produced by the defendant. Accordingly, defendant denies that it has violated Section 927.77 of the Order.

The answer also alleges and it is conceded that defendant timely instituted, before the Secretary of Agriculture, proceedings authorized by Section 15(A) of the Act [7 U.S.C.A. § 608c(15) (A)] for the review of the Order, and that such proceedings are still pending but have not as yet been heard. While conceding that "there is no avenue of appeal open to the defendant except first following the 15(A) procedure", defendant preliminarily sought a stay of the present action until a final determination of the proceedings before the Secretary, and claimed that the bringing on of a hearing in those proceedings had been and would probably be further delayed through no fault of the defendant.

Defendant's motion for such a stay was denied by the Court upon the authority of United States v. Ruzicka, 1946, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290. A motion by plaintiff for summary judgment was likewise denied, but with leave to renew the same at or after the pretrial conference. When so renewed, the motion was again denied and the case proceeded to trial upon the stipulations made and exhibits marked in evidence at the pretrial conference.

Upon the close of the evidence for the plaintiff upon the trial, defendant moved for dismissal of the complaint or, in the alternative, for a stay of the action until completion of the 15(A) proceedings before the Secretary, and at the conclusion of the arguments upon these motions, the Court reserved decision.

Pending its decision, the Court has been advised by letter that the 15(A) hearing before the Secretary has been set down for May 7, 1958. The imminence of that hearing eliminates the basis for defendant's contention that delay in bringing on the hearing before the Secretary rendered illusory the administrative remedy available and exposed the defendant to the probability of irreparable damage were the present enforcement action to proceed to judgment.

This Court concludes that by reason of defendant's failure to exhaust its available administrative remedy, afforded by 7 U.S.C.A. § 608c(15) (A), for the determination of the propriety legality and constitutionality of the Order, this Court should not entertain or consider defendant's attack upon the validity of the Order. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796. There appears no basis for reasonable anticipation that the defendant will suffer irreparable injury without the Court's present equitable intervention, in view of the obviously adequate administrative remedies available to the defendant. 7 U.S.C.A. § 608c(15) (A); 5 U.S.C.A. § 1009(b); Aircraft & Diesel Equipment Corp. v. Hirsch, supra; Hygeia Dairy Co. v. Benson, D.C.Tex.1957, 151 F.Supp. 661.

The critical question which the defendant seeks to present here, but which this Court concludes should be first presented in the Section 15(A) proceeding before the Secretary, is whether the defendant, who is a "handler" of milk, some of which is produced upon its own farms,

and some of which is produced by others, is legally obligated under the Order to contribute to the Fund upon its so-called "own farm produced" milk. For an answer to this question defendant seeks an interpretation of 7 U.S.C.A. § 608c(5)(C) which reads as follows:

"(C) In order to accomplish the purposes set forth in paragraphs (A) and (B) of this subsection, providing a method for making adjustments in payments, as among *handlers (including producers who are also handlers),* to the end that the total sums paid by each handler shall equal the value of the milk *purchased* by him at the prices fixed in accordance with paragraph (A) of this section." (Emphasis supplied.)

Defendant controls several plants from which is shipped to a central plant, milk collected and purchased from other producers. Defendant also receives, handles and distributes at its plant, milk produced upon its own farms. Defendant contends that, as to that milk which is produced upon its own farms, it cannot be a "handler" within the meaning of the language of the foregoing section, because it does not and cannot "purchase" its "own farm produced" milk. Defendant argues, therefore, that it is not obligated to make payments into the Fund based upon so much of the milk handled by it which it obtains from its own farms. Of the latter category, it denies that it is a "handler" within the meaning of the Act.

For its right to present the foregoing question, defendant relies upon United States v. Rock Royal Co-Operative, Inc., 1939, 307 U.S. 533, 59 S.Ct. 993, 1016, 83 L.Ed. 1446. Although the cited case originated, as here, in an enforcement proceeding, and held that, of four defendants, a proprietary corporation required to pay uniform prices for the milk it purchased as a handler had standing to raise the issue of want of statutory authority to except cooperative handlers from such payment pursuant to an Order issued by the Secretary of Agriculture while the other three could not be heard to complain of the benefits conferred upon them as cooperatives, the decision is not authority for a departure from the rule requiring the exhaustion of administrative remedies before and as a condition precedent to the right of the invocation of judicial relief; that question not having been raised or decided. The Rock Royal case affords illumination here only as it defines "purchased" as used in the above quoted Section as "acquired for marketing."

Against the absence of any reference in the Rock Royal opinion to the provisions of 7 U.S.C.A. § 608c(15) (A), we contrast United States v. Ruzicka, supra, which held that in an enforcement proceeding such as the present, an attempted justification of failure to pay into the Fund, that the billing was based on faulty inspection of accounts, could not be asserted in such a proceeding, but that recourse must first be had to the specific remedy provided in the form of a 15(A) proceeding before the Secretary. The reason for this conclusion is to be found in the language of the Court commencing at page 292 of 329 U.S., at page 209 of 67 S.Ct. of the Ruzicka opinion:

"The procedure devised by Congress explicitly gave to an aggrieved handler an appropriate opportunity for the correction of errors or abuses by the agency charged with the intricate business of milk control. In addition, if the Secretary fails to make amends called for by law the handler may challenge the legality of the Secretary's ruling in court. Handlers are thus assured opportunity to establish claims of grievances while steps for the protection of the industry as a whole may go forward. Sections 8a(6) and 8c(15) thus form a complementary procedural scheme. Contrariwise, it would make for disharmony to extrapolate from these provisions of the statute the right to consider independently, in a proceeding by the Government for the enforcement of

the Secretary's order, questions for which Congress explicitly furnished the handler an expert forum for contest with ultimate review by a district court.

"The situation before us indicates how disruptive it would be to allow issues that may properly come before a district court in a proceeding under § 8c(15) to be open for independent adjudication in a suit for enforcement under § 8a(6). * * * In large measure, the success of this scheme revolves around a 'producers' fund which is solvent and to which all contribute in accordance with a formula equitably determined and of uniform applicability. Failure by handlers to meet their obligations promptly would threaten the whole scheme. Even temporary defaults by some handlers may work unfairness to others, encourage wider noncompliance, and engender those subtle forces of doubt and distrust which so readily dislocate delicate economic arrangements. To make the vitality of the whole arrangement depend on the contingencies and inevitable delays of litigation, no matter how alertly pursued, is not a result to be attributed to Congress unless support for it is much more manifest than we find here. That Congress avoided such hazards for its policy is persuasively indicated by the procedure it devised for the careful administrative and judicial consideration of a handler's grievance. * * * In the case before us, administrative proceedings were instituted before the Secretary of Agriculture and, apparently, are awaiting his action. Presumably the Secretary of Agriculture will give the respondents the right to which Congress said they were entitled. If they are dissatisfied with his ruling, they may question it in a district court. The interests of the entire industry need not be disturbed in order to do justice to an individual case."

In Panno v. United States, 9 Cir., 1953, 203 F.2d 504, 508, the administrative remedy for exemption from the effect of an order was held exclusive, even in a criminal proceeding. More recently, in another enforcement proceeding, the administrative procedure provided by Congress in 7 U.S.C.A. § 608c(15) (A) was held to be exclusive, and summary judgment ordered where the handler questioned his obligation to pay under an order where the milk was produced on farms he leased. United States v. Hinman Farms Products, Inc., D.C.N.D.N.Y., 1957, 156 F.Supp. 607. Where a declaratory judgment was sought as to the authority of the Secretary of Agriculture to take certain proceedings not actually taken, the court held the action premature and beyond the court's jurisdiction because of the remedy provided by 7 U.S. C.A. § 608c(15) (A). Hygeia Dairy Co. v. Benson, D.C.Tex.1957, 151 F.Supp. 661.

In its initial motion for a stay of proceedings in this action, defendant cites an apparently as yet unreported opinion of Judge Clary in United States of America v. Lehigh Valley Co-Operative Farmers and Suncrest Farms, Inc., D.C. E.D.Pa., 161 F.Supp. 885, and annexes a copy of that opinion to its brief. Judge Clary's decision was evoked in an enforcement proceeding under § 608a(6), upon defendant's application for a preliminary injunction. The defendants moved for a stay of the action "pending determination of the issues before the Secretary of Agriculture in an administrative proceeding." Upon the offer of defendants, the Court ordered that the amounts billed by the Administrator, under the Marketing Order, be paid into the registry of the Court instead of into the Settlement Fund "pending the determination of the administrative proceedings before the Secretary of Agriculture and/or a judicial review of such determinations in (the) Court." Judge Clary concluded, however, that the Act authorized a handler to challenge before the Secretary the Order or any obligation imposed in connection therewith as not

in accordance with law. The Court points out that when the Order is so challenged the determination of the Secretary is final if in accordance with law; this determination, however, being subject to appeal under Section 608c(15) (B). The opinion also emphasizes that "Section (15) further gives the handler access to the Secretary * * * for administrative relief and opportunity for judicial review of his determination and * * * provides that the pendency of the proceedings before the Secretary 'shall not impede, hinder or delay the United States or the Secretary of Agriculture from obtaining relief' under Sec. 608a(6)." I find nothing in the cited opinion inconsistent with the conclusions to which I am brought at this stage of the present case.

Unless and until this Court is called upon under 7 U.S.C.A. § 608c(15) (B) to review an adverse decision of the Secretary under subdivision (15) (A) of the same Section, defendant's obligation under the Order to pay into the Fund the amounts billed by the Administrator cannot properly be passed upon by this Court. Since the correctness of the billings (subject to the statutory audits) is unquestioned, plaintiff is entitled to a decree of enforcement of the Order and to judgment for the amounts of the audited billings with interest from the respective dates upon which each amount became due. Accordingly, plaintiff will be accorded the injunctive relief which it seeks and defendant will be commanded to comply with the Order by making payments to the Fund in accordance therewith.

Because of the possibility of protraction of the noticed (15) (A) hearing, and of delay in the Secretary's decision therein, for the protection of defendant against irreparable damage and to afford relief to the plaintiff in case of defendant's non-compliance with the decree of this Court, jurisdiction of this action will be retained for such further proceedings therein as may be warranted by subsequent developments.

This opinion shall constitute the Court's findings of fact and conclusions of law as required by Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A., and a decree may be submitted in accordance with the views herein expressed.