**NATIONAL DAIRY PRODUCTS CORPO-RATION, a Delaware corporation**

v.

**E. Hickman GREENE, Administrator under Order No. 16, Regulating the Handling of Milk in the Upper Chesapeake Bay Marketing Area.**

**UNITED STATES of America**

v.

**ROYAL FARMS DAIRY, INC.**

**UNITED STATES of America**

v.

**WILTON FARM DAIRY, INC.**

**UNITED STATES of America**

v.

**W. S. HEBB and Lorraine D. Hebb, co-partners, d/b/a Aristocrat Dairy.**

**Civ. Nos. 14123, 14174–14176.**

United States District Court
D. Maryland.
Nov. 9, 1962.

---

4. See Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3d Cir. 1962).

Irwin Goldbloom, Attorney, Department of Justice, Joseph A. Walsh, Attorney, Department of Agriculture, both of Washington, D. C., and Daniel F. McMullen, Jr., Asst. U. S. Atty., of Baltimore, Md., for E. Hickman Greene, Administrator etc. and the United States.

J. Cookman Boyd, Jr., and Harry E. Silverwood, both of Baltimore, Md., and Harlan H. Huntley, of Philadelphia, Pa., for National Dairy Products Corporation.

Nathan Patz, of Baltimore, Md., for Royal Farms Dairy, Inc.

Richard F. Cadigan and Cable & McDaniel, of Baltimore, Md., for Wilton Farm Dairy, Inc.

Z. Townsend Parks, Jr. and H. Emslie Parks, both of Baltimore, Md., for W. S. Hebb, et al., d/b/a Aristocrat Dairy.

THOMSEN, Chief Judge.

In Willow Farms Dairy, Inc. v. Freeman, Secretary of Agriculture, and Mills et al. v. the Secretary, statutory actions brought under 7 U.S.C.A. § 608c(15) (B), decided June 13, 1962, D.Md., 206 F.Supp. 239, 240, this Court held invalid Order No. 127, now known as Order No. 16, Regulating the Handling of Milk in the Upper Chesapeake Bay Marketing Area, 7 CFR sec. 1016 (rev. 1962), 24 F.R. 11071. The Secretary appealed and this Court stayed the effect of its judgment pending appeal, except for the provision that the plaintiff handlers should not be required to make further payments under the Order. The appeal will probably be heard by the Fourth Circuit in January, 1963.

Some twenty-eight fully regulated handlers are covered by the provisions of the Order. It appears from the evidence offered in the present proceedings that almost all of them have been required by the Order to make monthly payments into the producers' settlement fund, and that with a few minor exceptions Maryland Cooperative Milk Producers, Inc. (the Cooperative), which is the agent for some producers but is also treated as a handler under the terms of the Order, is the only handler which has drawn money out of the fund. The evidence shows that Koontz Dairy, Inc., which has several plants serving different functions, comes out about even. It further appears that until July 1962 all of the handlers regularly made the monthly payments required of them, except the plaintiffs in the Willow Farms and Mills cases and two Delaware dairies. The Secretary has apparently not enforced the rulings of this Court in United States v. Mills, D.C., 187 F.Supp. 314. Similar actions filed in the U. S. District Court for the District of Delaware against the two Delaware dairies have for some reason never been brought to trial. Willow Farms has complied with the orders of this Court.

In late July Wilton Farm Dairy and Aristocrat Dairy, Baltimore City handlers and defendants in two of the enforcement actions now before the Court, refused to make further payments and filed proceedings with the Secretary under 7 U.S.C.A. § 608c(15) (A), based on the finding by this Court in the Willow Farms case that the Order is invalid. Answers were filed about three months ago, but the Secretary has taken no further action in the 608c(15) (A) proceedings, and Wilton Farm and Aristocrat have thereby been prevented from filing actions in this Court under 608c(15) (B).

On July 13, the attorney for Royal Farms Dairy, another Baltimore handler, the defendant in the third enforcement proceeding, wrote the Market Administrator that Royal Farms would not make

further payments under the Order, and Royal Farms has not made any payments since that date.

On October 11, National Dairy Products Corporation (Sealtest) filed an action for a declaratory judgment and an injunction against the Market Administrator, claiming that his action requiring Sealtest to continue payments of more than $40,000 a month under an order which has been held to be invalid, with no prospect of recovering the money so paid if the holding is sustained on appeal, causes it irreparable injury.

The Government has moved to dismiss Sealtest's complaint, and on November 1 brought enforcement actions under 608a (6) against the three non-paying handlers, seeking preliminary mandatory injunctions. The handlers have replied, claiming that the substantial payments required of them would cause them irreparable injury.

The several motions in the four cases were set for hearing on November 9. In addition to the attorneys for the respective parties, attorneys for the Cooperative, attorneys for several handlers, and other interested persons attended. Since all handlers, the Cooperative, producers favoring and opposing the Order, and the public are all interested in one way or another, the Court permitted the representative of any interested person to state his position and to question the witnesses who were called to the stand.

■ Since the plaintiffs in all four cases seek preliminary injunctions, a consideration of the equities is required. Since the public interest is involved, a showing of irreparable injury does not necessarily entitle the handlers to relief. Willow Farms Dairy v. Benson, D.C., 181 F.Supp. 798, 802, at 804–805, aff'd 4 Cir., 276 F.2d 856; United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; United States v. Ideal Farms, D.N.J., 162 F.Supp. 28, aff'd 3 Cir., 262 F.2d 334.

There are substantial equities on both sides. The injury to the handlers is obvious. On the other hand, if the Court stays the enforcement of the Order or accepts the alternative suggestion of the handlers that they be permitted to make the monthly payments into the registry of this Court pending the decision on appeal in Willow Farms, the members of the Cooperative would receive about $40 or $50 less per month, which they would eventually obtain if the decision of this Court in Willow Farms is reversed, or would lose if it is affirmed. The effect on producers not members of the Cooperative, about half of the total, would vary according to their arrangements with the several handlers. Some producers favor the Order, some oppose it. The effect on the members of the Cooperative is not insignificant, but it must be weighed against the irreparable loss to the handlers which would be caused by the strict enforcement of the Order at this time. This Court has held the Order invalid and none of the handlers involved in the present cases were parties to the Willow Farms or Mills cases or participated in the discussion of the stay granted in those cases.

Neither the Government nor the Cooperative felt that payment into Court would be helpful; representatives of the Cooperative said that unless all of the handlers except Willow Farms and Mills are required to make payments into the fund which may be distributed promptly, it would be better to terminate the Order, and let the Cooperative, the farmers and the dairies work out new agreements.

The interests of the public is by no means clear. Neither the Government nor anyone else convinced me that the public will suffer if payments under the Order are terminated.

Consideration should also be given to the fact that Wilton Farm and Aristocrat have done all they can to comply with the prerequisites of a 608c(15) (B) proceeding; their right to file such a proceeding is blocked only by the failure of the Secretary to act on the 608c(15) (A) applications they filed with him in July. See United States v. Mills, 187 F.Supp. at 316.

I conclude that substantial justice to all the interested parties can best be achieved by—

(1) Requiring Wilton Farm and Aristocrat to pay into the producers' settlement fund all monthly payments to and including the payment due in November for October deliveries; but permitting those two handlers to file 608c(15) (B) proceedings at this time, on which this Court can promptly enter an order similar to the order in the Willow Farms case.

(2) Requiring all other handlers (except Willow Farms and Mills) to pay into the producers' settlement fund all monthly payments to and including those due in December for the November deliveries now being made, but not requiring any such payments for deliveries made thereafter. This will give the Cooperative, the farmers and the dairies an opportunity to work out new arrangements before the first of December, and, if they wish, to start the ball rolling toward a new order.

Various means of accomplishing this result can be used. The authorities relied on for denying a stay of enforcement in the earlier stages of the Willow Farms and Mills cases are distinguishable because the Order has already been found invalid. It seems unnecessary to require a large number of separate suits or separate 608c(15) (A) and 608c(15) (B) proceedings. The Court suggests to counsel for the handlers in the pending proceedings, counsel for other handlers who attended the hearing, and the representatives of other handlers who are affected by this decision, that they confer with counsel for the Government and see if some arrangement for a class suit can be made.

Meanwhile, the Court will grant the defendant Market Administrator's motion to dismiss the action brought by National Dairy Products Corporation, with leave to amend the complaint, and will enter appropriate orders in the three enforcement proceedings to accomplish the result indicated above, if and when such orders are presented by counsel. Prompt payments by the handlers may render such orders unnecessary.