H. P. HOOD & SONS, Inc., et al. v. UNIT-ED STATES et al., and six other cases.
Nos. 3325–3331.

Circuit Court of Appeals, First Circuit.
June 24, 1938.

Charles B. Rugg, of Boston, Mass. (Warren F. Farr, Edward B. Hanify, and Ropes, Gray, Boyden & Perkins, all of Boston, Mass., on the brief), for H. P. Hood & Sons, Inc., and Noble's Milk Co.

Edward F. Merrill, of Skowhegan, Me., for E. Frank Branon, intervener.

John M. Raymond, of Boston, Mass. (Lawrence Foster, Theodore Chase, and Palmer, Dodge, Barstow, Wilkins & Davis, all of Boston, Mass., on the brief), for Whiting Milk Co.

Charles S. Walkup, Jr., of Boston, Mass., for W. P. Elliott Co.

David Greer, of Boston, Mass., for Green Valley Creamery, Inc., Seven Oaks Dairy Co., and A. J. Robinson.

Francis J. Kelley, of Boston, Mass., for Martines and others.

Wendell Berge and Hugh B. Cox, Sp. Assts. to the Atty. Gen. (Thurman Arnold, Asst. Atty. Gen., Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., James C. Wilson and Joseph G. Blandi, Sp. Assts. to the Atty. Gen., and H. Douglas Weaver, Sp. Atty., and Samuel Herman, Atty., Department of Agriculture, both of Washington, D. C., on the brief), for appellees.

Before WILSON and MORTON, Circuit Judges, and MAHONEY, District Judge.

PER CURIAM.

These cases on appeal to this court involve the validity of a temporary mandatory injunction issued by the District Court ordering the several defendants to comply with Order No. 4 issued by the Secretary of Agriculture under the Marketing Agreement Act, 7 U.S.C.A. § 601 et seq., and requiring each of them to pay to the Market Administrator under the Act all amounts now due and owing, and hereafter to become due and owing under said Order No. 4.

We think the temporary mandatory injunction should continue in force until the final determination of the cases on their merits, but inasmuch as the several defendants before this court have raised objections to the validity of Order No. 4, and to the authority of the Secretary to issue such an order under the Act, and the several objections do not appear to this court to be frivolous and without merit; and whereas the payments to the Market Administrator by the several defendants of the sums computed to be due under said Order No. 4, if said Order should be found to be invalid on appeal, would work irreparable hardship to each of the defendants, since if once distributed in accordance with Order No. 4 by the Market Administrator among the several producers of the milk, such payments could not be recovered by the defendants; and whereas a judge of this court issued a supersedeas staying and superseding the operation of the temporary mandatory injunction pending decision on appeal therefrom, but only in so far as it commands and directs and otherwise requires the several defendants to pay to the Market Administrator all amounts now due and owing, and hereafter to become due and owing, under the provisions of Order No. 4 as amended (excepting, however, from the operation of the order of supersedeas all payments due or to become due under Sec. 1 of Article X of Order No. 4) upon condition that the amount of said payments now due and as they become due from time to time, shall be paid, pending the final determination of this appeal, and subject to the further order of this court, into the Registry of the District Court of Massachusetts; and whereas the evidence has been all taken out for presentation of the several cases on the merits,

Therefore, it is ordered that the supersedeas order issued in each case by a judge of this court shall be continued pending the final determination on appeal of the several cases on their merits; also excepting from this order continuing the supersedeas the payments due and to become due the Market Administrator under Sec. 1 of Article X of Order No. 4. The bond of Noble's Milk Company filed in the District Court will remain in full force, conditioned as required by law, but shall be void provided Noble's Milk Company shall pay into the Registry of the District Court of the District of Massachusetts all sums now due and hereafter to become due from it under the provisions of said Order No. 4, excepting the payments due and to become due the Market Administrator under Sec. 1 of Article X of Order No. 4.