**GREEN VALLEY CREAMERY, Inc., v. UNITED STATES et al., and three other cases.**

Nos. 3461, 3462, 3464, 3465.

Circuit Court of Appeals, First Circuit. July 21, 1939.

John A. Canavan, Sp. Asst. to Atty. Gen., of Boston, Mass., for United States and others.

David Greer, of Boston, Mass., for Green Valley Creamery and others.

Before WILSON and MAGRUDER, Circuit Judges, and MAHONEY, District Judge.

PER CURIAM.

The plaintiffs on motion seek in these proceedings to obtain an order vacating the supersedeas issued by the District Court on March 16, 1939, in the so-called milk cases pending in that court and in this court on appeal. The District Court on November 30, 1937, issued a temporary injunction against the four defendants, and H. P. Hood & Sons, Inc., and the Whiting Milk Company, who were handlers of milk in the Greater Boston area, restraining them from violating Order No. 4 as amended, issued by the Market Administrator, and also a mandatory injunction, requiring each of the defendants to pay to the Market Administrator the amounts found due by the District Court under the provisions of Order No. 4 as amended, and all amounts hereafter that may become due under the provisions of Order No. 4, United States v. Whiting Milk Co., 21 F.Supp. 321.

On appeal by each of the defendants, and by the H. P. Hood & Sons, Inc., and the Whiting Milk Company, a Judge of the Circuit Court of Appeals issued a supersedeas order suspending the temporary injunction issued by the District Court pending a hearing on the merits. At a hearing before this court on June 24, 1938, it was ordered that the mandatory injunction should be continued in force with certain modifications, but that the supersedeas issued by this court staying and superseding the operation of the temporary injunction issued by the District Court pending a decision on appeal therefrom, should be continued, H. P. Hood & Sons v. United States, 97 F.2d 677.

These four cases were in a group of about thirty cases, together with the Hood and Whiting cases, which last two cases went directly to the Supreme Court on certiorari. These four cases are the only ones in that group in which appeals to this court have been perfected.

The two most important cases in Massachusetts, viz., The H. P. Hood & Sons, Inc. et al. v. United States, and the Whiting Milk Company, since the issuing of the supersedeas, have, as above stated, been taken to the Supreme Court on certiorari, which, on June 5, 1939, rendered a decision sustaining the validity of the statute and the Market Order No. 4 of 1937 as amended, regulating the handling of milk in the Greater Boston marketing area, H. P. Hood v. United States, 307 U.S. ——, 59 S.Ct. 1019, 83 L.Ed. ——.

It was suggested in the briefs of counsel that this court take up at this time the question of whether the order of supersedeas issued by a Judge of this court on December 8, 1937, in each of the above cases after an appeal to this court, should be first vacated, which we think would be the orderly method of procedure, and as the questions are substantially the same, they can be taken up and decided together.

We have examined the defendants' exceptions seriatim to the rulings of the District Court in issuing the order of supersedeas, and we think there is not sufficient merit in the exceptions to warrant prolonging this litigation and withholding from the producers the money which they are entitled to under the marketing order, since the so-called blended price cannot be finally and equitably recomputed until all the respondents have paid into the equalization pool the sum due from each of the respondents.

Many of the respondents' exceptions are by direct rulings, or necessary inference, held invalid by the Supreme Court in the H. P. Hood & Sons, Inc., and the Whiting Milk Company cases, supra, or in the Rock Royal Co-operative, Inc., case from New York, regulating the handling of milk in the New York metropolitan area, which was heard in the Supreme Court and decision rendered June 5, 1939, the same day as the decision in the Hood and Whiting cases, United States v. Rock Royal Co-op., 307 U.S. ——, 59 S.Ct. 993, 83 L.Ed. ——.

The entire milk industry in the Boston area has been involved in confusion for two years, due to this litigation. As a result, a very large amount of money has been withheld from the producers under the Market Order No. 4 and is now in the hands of the Clerk of the District Court or the Market Administrator, awaiting a recomputation of the so-called equalization pool, which cannot be equitably done until all amounts due from the handlers have been paid in.

Any objections to methods of computation of the distributive shares of the several producers in the pool can be adjusted and settled at the time of the final recomputation, and any errors of inclusion or exclusion of milk can be corrected.

Under these circumstances this court is of the opinion that the public interest to be served by vacating the order of supersedeas and allowing the pool—after all sums due from the handlers have been paid—to be recomputed and distributed, outweighs any hypothetical harm that may result to the defendants in case it was found that some of the defendants' exceptions have some merit. The equities appear to be with the producers who have waited now for nearly two years for full compensation for their milk in accordance with the provisions of the Act of Congress and the Market Administrator's Order No. 4, which the Supreme Court has declared to be authorized by the Constitution.

It is therefore ordered that the orders of supersedeas issued in these four cases in the District Court on March 16, 1939, and by a Judge of this court on December 8, 1937, and continued by this court on June 24, 1938, be vacated; and the District Court be allowed to proceed in accordance with the statute and Order No. 4 of the Market Administrator.