UNITED STATES v. HOGANSBURG MILK CO., Inc., et al.

Civil Action No. 1534.

District Court, N. D. New York.

Aug. 18, 1944.

298

Irving J. Higbee, U. S. Atty., of Syracuse, N. Y. (Edmund Port, Asst. U. S. Atty., of Syracuse, N. Y., and Thomas F. Green, of the U. S. Department of Agriculture, of Washington, D. C., of counsel), for the Government.

Willard Pratt, of Utica, N. Y., for Hogansburg Milk Co., Inc., defendant.

Cosgrove, Harter, Scanlon & Wright, of Watertown (Loren E. Harter and Daniel Scanlon, both of Watertown, of counsel), for third-party defendants.

BRYANT, District Judge.

Plaintiff has moved for summary judgment against defendant Hogansburg Milk Company, Inc., and for dismissal of its counterclaims. The action was brought against this defendant alone. Upon its motion Aiello Dairy Farms, Inc., Louis Aiello and Alfonso Aiello, doing business as Aiello Brothers, were made third party defendants. The third party defendants are not interested in the motion.

Defendant, Hogansburg Milk Company, Inc., hereinafter referred to as "Hogansburg," was and is a handler of milk as defined in the New York Metropolitan Area Order, known, and herein referred to, as Order No. 27, and is subject to the applicable provisions thereof. Under the provisions of the Order, it is obligated to make monthly payments to the Producer-Settlement Fund, the amount being dependent upon the uses made of the milk. Section 927.7(h) of the Order provides for full payment, on or before the 18th of each month, of any pool debit balance shown on the amount rendered, pursuant to subsection (g), for the preceding month.

Hogansburg sold all, or at least part, of its milk to the third party defendants. These parties do not pay into the producer-settlement fund. Their only subjection to the Order is the right of the Market Administrator to inspect and audit their books for the purpose of checking the ultimate utilization and disposition of the Hogansburg milk.

The Aiello corporation and partnership furnished to Hogansburg monthly a certificate stating the utilization of the milk purchased, and Hogansburg paid the Market Administrator, for the producer-settlement fund, on the basis of such reported utilization.

The Market Administrator, pursuant to Section 927.7(g) of the Order, computed, on the basis of reports submitted by Hogansburg, the amount due to the fund and determined that defendant Hogansburg Milk Company, Inc., owed said fund, in addition to sums paid, various amounts totalling $2,453.70. He also determined that Hogansburg owed on its pro rata share of the expenses of administering the Order (Sec. 927.8) various sums totalling $160.50. Also, after examination of the Aiello books, he determined that Hogansburg owed said fund additional amounts totalling $2,190.94, which, according to Sec. 927.7(j) of the Order, is payable within five days after demand. Statements for these debit balances were rendered and Hogansburg has failed and refused to pay the same.

Plaintiff, in this action, seeks a mandatory injunction commanding defendant Hogansburg Milk Company, Inc., to comply fully with the provisions of the Order and particularly to pay to the Market Administrator for the producer-settlement fund the amounts above stated. The complaint also asks for a permanent injunction restraining Hogansburg and all persons acting for or under it, from handling milk in violation of the Order and commanding compliance therewith. Defendant, by answer, admits refusal to pay; denies indebtedness; and alleges payment of all sums lawfully due.

Plaintiff's contention that the defendant's alleged defenses, which in reality are simply denials of the correctness of the Administrator's determination, cannot be considered in an enforcement action is well grounded. The Act in Sec. 608c(15) provides for a complete and exclusive administrative remedy, including judicial review. This remedy must be exhausted before defendant can come into Court. LaVerne Co-op. Citrus Ass'n et al. v. United States, 9 Cir., 143 F.2d 415.

Defendant, by answer, has set up two counterclaims. In one it seeks recovery for monies alleged to have been incorrectly paid into the producer-settlement fund. In the other it seeks recovery of milk subsidies claimed to have been withheld.

The counterclaims should be stricken because administrative remedies have not been exhausted. Bradley v. City

of Richmond, 227 U.S. 477, 33 S.Ct. 318, 57 L.Ed. 603. Moreover, the Court is without jurisdiction because the United States has not given consent to be sued directly or by counterclaim for the reliefs asked. With jurisdiction, the counterclaim must fall because of defendant's failure to comply with Sec. 774, 28 U.S.C.A.

Motions are granted.