UNITED STATES of America

v.

LEHIGH VALLEY COOPERATIVE
FARMERS
and
Suncrest Farms, Inc.

Civ. A. No. 23268.

United States District Court
E. D. Pennsylvania.

Oct. 4, 1957.

John M. Durbin, U. S. Dept. of Agriculture, Washington, D. C., Harold K. Wood, U. S. Atty., Alan J. Swotes, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Willis F. Daniels, Daniels & Swope, Harrisburg, Pa., Joseph Grant McCabe, 3rd, Philadelphia, Pa., for defendants.

CLARY, District Judge.

### Temporary Injunction

This action, brought under the provisions of Sec. 608a(6) of the Agricultural Marketing Agreement Act of 1937, as amended (50 Stat. 249, 7 U.S.C.A. § 601 et seq.), coming on for hearing before the Court upon a rule to show cause why a temporary injunction should not be granted; the defendants having filed their respective motions for a stay of proceedings pending determination of the issues before the Secretary of Agriculture in an administrative proceeding; the parties having presented evidence; counsel having been heard and briefs submitted in support of their respective positions; and the Court being fully advised makes the following Findings of Fact

1. The defendant, Lehigh Valley Cooperative Farmers, is a corporation, incorporated under the cooperative laws of Pennsylvania, with its principal office and place of business at Allentown, Pennsyl-

vania, being within the Commonwealth of Pennsylvania and within the jurisdiction of this Court.

2. The defendant, Suncrest Farms, Inc., is a Pennsylvania corporation with its principal office and place of business at 1414 Millard Street, Bethlehem, Pennsylvania.

3. Each of the defendants admitted that it is a "handler" within the meaning of that term as defined in Sec. 927.7 of Order No. 27, as amended.

4. The Market Administrator is the duly designated and acting agency of the Secretary of Agriculture authorized to administer the provisions of said Order No. 27, as amended, as provided in said Order No. 27 and in the Act.

5. Each of the defendants has admitted that it has not filed the monthly reports with the Market Administrator of Order No. 27, as amended, as required by the provisions of said Order.

6. Each of the defendants has admitted that it has not paid for the month of August 1957, to the Market Administrator of Order No. 27, as amended, any of the amounts alleged by the plaintiff to be due and payable, but has asserted in good faith that such Order is invalid and has promptly taken its administrative appeal. As part of the defendants' motions for a stay of proceedings each asserts, and in the opinion of the Court validly asserts, that substantial legal difficulties will be encountered by them if payments are now ordered to be made directly to the Secretary of Agriculture and are later found to be not in accordance with law and refundable to the defendants.

7. Each of the defendants has failed and refused, and still continues to refuse, to comply with the provisions of said Order by filing the required reports and making available to the Market Administrator the accounts and records of its operations, and to permit verification of such reports, and each has refused, and continues to refuse, to make payments to the Producer-Settlement Fund and the Administrative Fund as required by said Order No. 27.

## Conclusions of Law

The jurisdiction conferred upon this Court by Sec. 608a(6) of the Act (7 U.S.C.A. § 608a(6)) is to enforce and to prevent and restrain any person from violating any order issued pursuant to the Act. The Act authorizes a handler to challenge before the Secretary of Agriculture his order or any obligation imposed in connection therewith as not in accordance with law and to ask to have it modified or to be exempted therefrom.

When the order is so challenged, the determination of the Secretary of Agriculture is final, if in accordance with law (7 U.S.C.A. § 608c(15)(A)). To test whether such ruling is in accordance with law, a handler may appeal to the appropriate District Court (7 U.S.C.A. § 608c (15)(B)). But Section (15) further gives the handler access to the Secretary of Agriculture for administrative relief and opportunity for judicial review of his determination and further provides that the pendency of the proceedings before the Secretary "shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief" under Sec. 608a(6).

The plaintiff relies upon the cases of United States v. Ruzicka, 1946, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; Chapman v. United States, 8 Cir., 1943, 139 F.2d 327; La Verne Co-op Citrus Ass'n v. United States, 9 Cir., 1944, 143 F.2d 415; United States v. Turner Dairy Co., 7 Cir., 1947, 162 F.2d 425; Panno v. United States, 9 Cir., 1953, 203 F.2d 504, and Hobby v. Hodges, 10 Cir., 1954, 215 F.2d 754.

The plaintiff also asserts that while the action is equitable in nature and it is within the discretion of the Court whether relief shall be granted, it was the intention of Congress that the order should be effective in all respects, both as to the making of the reports as well as

making payments to the Settlement Fund thereunder during the pendency of administrative procedures before the Secretary of Agriculture. The Court so reads the Act. The defendants, however, in support of their respective motions for stay contend that irreparable harm may come to them if they are in the first instance ordered to make payments into the Settlement Fund and it is thereafter determined that they were not required under law to make such payments and the money is ordered refunded to them inasmuch as payments may be made to participants in the "pool" who later leave the pool thus affording no opportunity for an offset of the amounts previously paid.

The same argument was advanced to the Court of Appeals for the First Circuit in the case of H. P. Hood & Sons v. United States, 1 Cir., 1938, 97 F.2d 677, and in a per curiam opinion that court held that there was nothing in the act which prevented the court from granting a stay of proceedings.

A review by this Court of the legislative history of the Act also indicates that in approving the legislation, the Congress contemplated that in appropriate cases a stay might be granted in a proceeding brought under the act in a district court. This action is in equity. The Court does not feel that any irreparable harm will be occasioned to either of the defendants if they are required to file the reports provided for in Marketing Order No. 27. On the other hand, it is of the opinion that equity does not require that the payments shown to be due under the Order be made directly into the Settlement Fund but that the interests of both parties can be protected by ordering such payments to be made into the Registry of the Court pending the determination of the administrative proceedings before the Secretary of Agriculture and/or a judicial review of such determinations in this Court. The Court, therefore, on this 4th day of October, 1957, makes the following

## Order

1. It is ordered, adjudged and decreed that each of the defendants file with C. J. Blandford, the Market Administrator, within 15 days from the date of this Order, all reports required by the provisions of Order No. 27, as amended, effective August 1, 1957, beginning with the reports for the period August 1957.

2. That the defendants forthwith make available to C. J. Blandford, the Market Administrator, or his representative, all books, memoranda, account records and factors for the verification of their said required reports.

3. That the defendants within 15 days from the date of this Order pay into the Registry of this Court the amounts shown on their said reports to be due and payable under said order and to make regular monthly payments thereafter into the said Registry of the Court of the amounts shown to be due on the reports as filed in any particular month, on or before the dates such payments would ordinarily be made to the Market Administrator under the terms of said order; such payments to be held in the Registry of this Court pending determination of the proceedings before the Secretary of Agriculture and/or a judicial review of such determination as made in said administrative proceedings and until further order of this Court.

4. That the defendants forthwith and any of the following persons acting in their behalf, to wit: agents, attorneys, servants, employees, successors, or assigns, and all persons in active concert with them be and they are hereby temporarily enjoined from doing any act or acts in violation of the requirements of paragraphs 1 and 2 of this Order.

5. That the defendants enter their joint bond in the sum of $5,000 within 15 days from the date of this Order conditioned upon their compliance with the terms of this Order.

6. That the Court retain such jurisdiction of this action as may be necessary for the entering of such further orders

and judgments as may be necessary to give full and equitable relief to both parties. Leave is granted all parties on 48 hours' notice to move this Court to set aside, vacate, alter or amend any or all of the terms of this Order.