UNITED STATES of America,
Plaintiff,

v.

HINMAN FARMS PRODUCTS, Inc.,
Defendant.

Civ. A. 6663.

United States District Court
N. D. New York.

Nov. 18, 1957.

608

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., John M. Durbin, Office of Gen. Counsel, U. S. Dept. of Agriculture, Washington, D. C., Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for the United States.

Harry L. Marcus, Brooklyn, N. Y., Herbert L. Maltinsky, Brooklyn, N. Y., of counsel, for defendant.

BRENNAN, Chief Judge.

Plaintiff, by motion, seeks a summary judgment directing the payment by the defendant to the Market Administrator of moneys alleged to be due and directing that the defendant comply fully with the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq. with the provisions of Order No. 27 and the regulations adopted in conformance therewith. A background of facts disclosed in the pleadings and supporting affidavits is set out below.

The defendant is a New York corporation with its principal place of business at Deansboro, N. Y. The control of the corporation is in the members of the Hinman family, Claude M. Hinman and Grove W. Hinman being officers thereof. The corporation has operated and continues to operate a milk receiving station at Deansboro where milk is received from producers. At least since 1941, the defendant has recognized that its activities were controlled or regulated by the provisions of Milk Marketing Order No. 27 which regulates the handling of milk in the New York Metropolitan Marketing Area (7 C.F.R. 927). Prior to October 30, 1941, Grove W. Hinman and Claude M. Hinman were the individual owners of some total thirteen farms located in the Deansboro vicinity and a number of milch cows maintained on said farms. At that time, through bills of sale, it is claimed that the cattle were sold to the

defendant and the farms were leased to the defendant by leases executed November 1, 1941. Copies of the documents, above referred to, are attached to the opposing affidavits and it is unnecessary to refer to the detailed provisions thereof.

It is readily inferable that a purpose of the above transactions was to accomplish ownership of the cattle and such control of the farms in the defendant so that the defendant would become the "producer" (7 C.F.R. 927.6) of the milk which was delivered from said farms to the receiving plant, above referred to. The requirement for the payments to the Producers Settlement Fund and the Administrative Fund, in accordance with the provisions of 7 C.F.R. 927.72 and 927.80 would thereby be avoided. (7 C.F.R. 927.60).

The bills of sale and lease documents were inspected by the Market Administrator or his agents and were renewed at intervals so that they continued in existence at all times pertinent to this litigation.

The milk so produced by the cattle, above mentioned, was excluded from the reported computation of milk received from producers which reports were regularly made by the defendant. The basis of such exclusion is found in 7 C.F.R. 927.60. This method of doing business was continued until the Spring of 1957 when the defendant was separately billed for the months of April, May and June 1957 for the amount due both the Producers Settlement Fund and the Administrative Fund for the months of March, April and May. Such billing included a sum computed upon the amount of milk delivered to the defendant's plant produced by the cattle and delivered from the farms above referred to. It is evident that the Market Administrator reached the determination that the milk produced from the farms, above referred to, was not entitled to be exempted from the payments required to be made as indicated above.

The defendant, in making its payment as required under the terms of the order for the months above referred to, deducted from the total amount of the bills presented by the Market Administrator amounts which represented the assessments for the milk produced upon the farms, above mentioned. The defendant made payment of the bills less the amounts so computed, leaving a balance of $26,294.53 due the Producers Settlement Fund and $185.80 due the Administrative Fund, according to the bills made by the Market Administrator. Plaintiff seeks a direction of this court that said sums be paid by the defendant and for the injunctive relief, above referred to.

The controversy here arises primarily because of three separate defenses interposed in the defendant's answer. Concisely stated, they are as follows:

1. That the action sought to be maintained under the provisions of paragraph 8a(6) of the Act (7 U.S.C.A. § 608a(6)) may not be maintained since the hearing provided by paragraph 8a(7) of the Act (7 U.S.C.A. § 608a(7)) has not been held.

2. That the milk received from the farms, above mentioned, was from the handler's own farm and thereby excluded from the payments required to be made to the Producers Settlement Fund and the Administrative Fund under the provisions of Order 27.

3. That by reason of the course of business, above referred to and extending from 1941 to 1957, the plaintiff is estopped from asserting the claim made in the complaint and in bringing this action.

The plaintiff contends that the defendant has a complete, entire and exclusive remedy as to each of the defenses set out in the answer under the provisions of paragraph 8c(15) (A) of the Act (7 U.S.C.A. § 608c(15) (A)). It is urged in effect that the jurisdiction of this court in this action is limited to determining whether or not an order or regulation issued in pursuance to the provisions of the Act has been violated and if such violation has occurred that relief must be granted. It is further contended that no evidence may be received or con-

sidered as to the correctness of, lawfulness or even the constitutional validity of the action taken since all of these matters may be properly determined in the available administrative proceeding.

■ We have but to turn to the case of U. S. v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 to find that the defenses asserted here are not available to the defendant. It is held therein that the scheme of the statute, taking its provisions in their entirety, forecloses a handler from questioning his obligation which flows from an order, the enforcement of which is sought under the provisions of Sec. 8a(6).

■ The defendant seeks to differentiate that holding from the present case upon the contention that the matter of determining whether or not the milk produced upon the farms, as above set forth, was subject to the payments demanded here is a matter not involving the expertise required in determining the problems peculiar to the milk industry. There is no basis for such a distinction. In the Ruzicka case, it was claimed that the liability arose out of a faulty inspection of accounts and improper tests of milk delivered. Here the underlying problem is to determine whether or not the milk received from the farms, above referred to, was actually the milk of this defendant and was handled and accounted for as such. This would seem to be a matter peculiarly and particularly within the province of the Milk Administrator whose knowledge of the transactions, including the accounts of the defendant, pertinent to the problem, would seem to be within his peculiar competence.

■ The defendant contends that the Ruzicka case may be distinguished in that the question as to the alleged requirement that a hearing be held in accordance with Sec. 8a(7) (7 U.S.C.A. § 608a(7) of the Act was not raised or determined. The above provisions relative to a hearing are neither mandatory nor do they constitute a condition precedent to the commencement of this action. Certainly the terms of the statute are not mandatory in their language. The jurisdiction of the court is not limited thereby. The first sentence of Sec. 8a (7) refers to the duties of United States Attorneys who shall act under the direction of the Attorney General but it does not make such directions dependent upon the hearing referred to in the second sentence. The practicalities of the situation would militate against such an interpretation. Every refusal or neglect of a handler to make a payment due would require a hearing under defendant's interpretation. The second sentence of the above paragraph is construed to mean that in those cases where the cooperation of the handler or any person is necessary to determine the facts, the secretary shall have the power to institute an investigation and conduct a hearing. Where the facts are known and are available without such a proceeding, it would seem foolish to adopt a construction that would require same as preliminary to an action.

■ The third distinction between the case at bar and the Ruzicka decision is urged that in the Ruzicka decision, the defendant was concededly a handler while here it is asserted that the defendant is a producer. This claimed distinction is without merit. The complaint alleges that the defendant is a handler as the term is defined in the statute and subject to the provisions of the Act. The answer denies that the defendant is a handler as alleged, with respect to the milk produced upon the farms, above mentioned. In the affidavit, submitted by the defendant in opposition to this motion, it is alleged "* * * The defendant operates a milk receiving station at Deansboro N. Y. where milk is received from its own farms as well as from other producers". The denial in the answer is at least equivocal in its language and defendant's status as a handler, as the term is defined in 7 C.F.R. 927.7 is directly established by the above language of its own affidavit.

No lengthy discussion of the legal precedents seems to be required in this

decision. The defendant fails to cite a single authoritative holding supporting its contentions. The only argument advanced is to the effect, that the Ruzicka decision does not apply because of the distinctions discussed above, which is an oblique admission that if the alleged distinctions are without vital effect, then the rule of the Ruzicka case controls. Having so held, only brief reference will be made to other legal precedents.

■■ The rule, that where administrative remedies exist, they must be exhausted before this court may intervene, is so widely recognized as to require no judicial precedents for its support. The administrative procedure, outlined in 8c(15) (A) of the Act requires a hearing and ruling upon any order or obligation in controversy here which "* * * is not in accordance with law * * *". Such a provision, by its terms, is all-inclusive, including all claims of a constitutional right (Anniston Mfg. Co. v. Davis, 301 U.S. 337, at page 346, 57 S.Ct. 816, at page 820, 81 L.Ed. 1143). The decision in U. S. v. Ruzicka, supra, in effect holds that the administrative remedy so provided is the exclusive means which a handler may use to redress his grievance. This decision is followed in reported decisions without exception. Even before the Ruzicka decision, the courts held the administrative remedy to be exclusive. In this district, Judge Bryant in U. S. v. Hogansburg Milk Co., D.C., 57 F.Supp. 297 arrived at the same conclusion. In Panno v. U. S., 9 Cir., 203 F.2d 504, a criminal case, the court cited the Ruzicka holding and followed same.

Because of the provisions of law, the precedents above referred to and for the further reason that it appears affirmatively that the defendant was a "handler" at all times pertinent to this litigation, it is concluded that no material question of fact exists in this litigation and that plaintiff is entitled to a summary judgment as demanded in the complaint, and it is

So ordered.