**WILLOW FARMS DAIRY, INC., a Maryland corporation**

v.

**Ezra T. BENSON, Secretary of Agriculture, Defendant**

and

**Maryland Cooperative Milk Producers, Inc., Intervenor-Defendant.**

**Civ. No. 11869.**

United States District Court
D. Maryland.

Feb. 19, 1960.

Charles G. Page, Baltimore, Md., for plaintiff.

George Cochran Doub, Asst. Atty. Gen., Leon H. A. Pierson, U. S. Atty., Baltimore, Md., and Joseph A. Walsh, Atty., Dept. of Agriculture, Washington, D. C., for defendant.

Philip B. Perlman, Washington, D. C., and Harry T. Gross, Baltimore, Md., for intervenor-defendant.

THOMSEN, Chief Judge.

This action was commenced by what is alleged to be "a bill in equity within the meaning of Title 7 U.S.C.[A. §] 608c (15) [1] to review adverse rulings of the

---

1. Section 8c(15) of the Agricultural Marketing Agreement Act of 1937, as amended (7 U.S.C.A. § 608c (15)), provides as follows:

"(A) Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law.

"(B) The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be

Secretary of Agriculture with regard to an order entitled 'Milk in Upper Chesapeake Bay, Maryland Marketing Area,' issued by him on the 28th of December, 1959." The order was published in the Federal Register on December 31, 1959, 24 F.R. 11,071 et seq.

Plaintiff seeks a declaratory judgment or decree that the marketing order is ultra vires and void; or, in the alternative, that certain provisions of the marketing order are not in accordance with law, and that the defendant be required to modify the order. Plaintiff prays for temporary restraining orders and for other and further relief.

The Defendant Secretary of Agriculture has moved to dismiss the complaint, or in the alternative for summary judgment on the grounds that (1) plaintiff has failed to state any facts showing that it is subject to irreparable injury unless a stay is issued; (2) the Court lacks jurisdiction of the subject matter of this action; and (3) the Court lacks jurisdiction over the person of the defendant.

The Court granted Maryland Cooperative Milk Producers, Inc., the right to intervene as a party defendant; and the Cooperative did intervene and filed motions similar to those already filed by the Secretary. At the time the motion for intervention was presented to the Court, the United States Attorney agreed to the intervention and asked the Court to sign the proposed order.

Since the Court has concluded that it lacks jurisdiction of the subject matter of this action because it is prematurely brought under Section 608c (15)(B), and that it lacks jurisdiction over the person of the defendant if the action is not properly brought under Title 7 U.S.C.A.

§ 608c (15)(B), it will not be necessary for the Court to pass on the question of irreparable injury.

The proceeding under consideration originated in October of 1958, when Maryland Cooperative Milk Producers, Inc., filed with the Secretary a proposal for the establishment of a regulated milk market in an area designated in the notice of hearing on said proposal as the Baltimore, Maryland Marketing Area. The order embodying said notice of hearing was filed on or about January 17, 1959. During the course of the hearing the name of the proposed marketing area was changed to Upper Chesapeake Bay, Maryland, Marketing Area.

Hearings were held in accordance with the provisions of Section 608c(3) and (4), and of the Rules and Regulations under the Agricultural Marketing Agreement Act of 1937, issued by the Department of Agriculture, Code of Federal Regulations, Title 7, Part 900, Revised 1955, and particularly that sub-part of the General Regulations entitled "Rules of Practice and Procedure Governing Proceedings in Formulating Marketing Agreements and Marketing Orders", Sections 900.1 to 900.18 inclusive.

Plaintiff appeared through its counsel at the hearings and offered testimony. It filed exceptions to the proposed order.

On September 17, 1959, 24 Federal Register 7530, the Deputy Administrator of the Agricultural Marketing Service filed with the hearing clerk of the United States Department of Agriculture his recommended decision on the order, together with notice of an opportunity to file exceptions thereto. Plaintiff duly filed its exceptions and objections to said recommended decision.

in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. The pendency of proceedings instituted pursuant to this subsection shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. Any proceedings brought pursuant to section 608a(6) of this title (except where brought any way of counterclaim in proceedings instituted pursuant to this subsection) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection."

Thereafter, on November 20, 1959, the Secretary announced to the press that he had reached a decision with respect to the order, which would be published on November 24, 1959, in the Federal Register, and that a referendum of producers would be held on December 18, 1959. Plaintiff thereupon promptly filed its petition for a ruling on its exceptions to the proposed order. The document entitled "Milk in Upper Chesapeake Bay, Maryland, Marketing Area, Decision on Proposed Marketing Agreement and Order dated November 20, 1959," published in the Federal Register on November 24, 1959, 24 F.R. 9441, contained the following paragraph: *"Rulings on Exceptions.* In arriving at the findings and conclusions and the regulatory provisions of this decision, each of the exceptions received was carefully considered in conjunction with the record evidence pertaining thereto. To the extent that the findings and conclusions and the regulatory provisions of this decision are at variance with any of the exceptions, such exceptions are hereby overruled for the reasons previously stated in this decision."

The announcement with respect to the referendum was made pursuant to the provisions of Section 608c (9)(B) (i) and (19).

On December 9, 1959, plaintiff mailed to the hearing clerk in the proceedings in Washington a petition reiterating its exceptions, objecting to the procedure adopted by the Deputy Administrator in conducting the referendum, and requesting a stay of the referendum and order, on the ground that both were illegal and not in accordance with law.

On December 24, 1959, the Deputy Administrator replied, stating that the procedure for the conduct of referenda, 15 F.R. 5177, had been wholly complied with in the referendum conducted on Friday, December 11, and denying plaintiff's petition. The referendum resulted in an approval of the order by the requisite majority of those considered by the Secretary entitled to vote and voting. On December 28, 1959, the Secretary issued

the final order entitled "Milk in Upper Chesapeake Bay Marketing Area, Order Regulating Handling". This Order was published in the Federal Register December 31, 1959, 24 F.R. 11,071, et seq.

Certain handlers of milk have filed written petitions with the Secretary of Agriculture contending that said order of December 28, 1959, or certain provisions thereof, are not in accordance with law, and praying for a modification thereof or to be exempted therefrom. Those petitions were filed under the provisions of Section 608c (15)(A). Plaintiff has filed no such petition, but filed its complaint in the case at bar on January 5, 1960.

Plaintiff contends that the exceptions and petitions filed by it prior to December 28, 1959, constitute "such petition", and that the various decisions and orders of the Secretary of Agriculture in ruling upon its exceptions and petitions constitute "such ruling" as comply with the provisions of 608c (15)(A), and entitle plaintiff to bring this suit under 608c (15)(B), without taking any further proceedings under 608c (15)(A).

It is obvious that this bill in equity was filed within twenty days from the date of the order, namely, December 28, 1959. The question is whether that order, and the interlocutory rulings disposing of plaintiff's prior exceptions and petitions, or any of them, may be considered "such ruling" as the Court is entitled to review under the provisions of 608c (15)(B).

■■ Plaintiff's counsel has argued earnestly that it would be futile to require him to go over again the same grounds which were argued before the representatives of the Secretary in the hearings which preceded the entry of the order of December 28, 1959. However, it seems to me that the language of Section 608c(15) subparagraphs (A) and (B) is quite clear and that Congress intended and required by 608c (15)(A) that a petition dealing with an order *actually issued* by the Secretary (not a proposed order) be filed with him *after* such order has been issued, that a cer-

tain type of hearing be held on such petition, and that, after such hearing, the Secretary should make a "ruling" on "such petition" filed under the provisions of 608c (15) (A), before any resort might be had to a District Court under 608c (15) (B).

The first order in this case which qualifies as an "order" within the meaning of 608c (15)(A) is the order of December 28, 1959. No petition stating that said order or any provision of said order, or any obligation imposed in connection therewith, is not in accordance with law, or praying for modification thereof, or to be exempted therefrom, has been filed with the Secretary by plaintiff.

Such papers as it filed before December 28, 1959, were exceptions and petitions with respect to a proposed order, or to a decision in connection with a proposed order.

The regulations are quite clear that the hearings required on petitions filed under section 608c (15)(B) shall be held in accordance with that sub-part of the General Regulations entitled "Rules of Practice Governing Proceedings on Petitions to Modify or Be Exempted from Marketing Orders", Sections 900.50 to 900.71 inclusive. These of course are different regulations, different rules from those dealing with the earlier hearings, which are set out in Sections 900.1 to 900.18.

This Court is a court of limited jurisdiction. It has only such jurisdiction as is given it by Congress. Whether it would be desirable to allow recourse to the District Courts in the manner suggested by plaintiff in this case is a matter for the Congress and not for the courts. For the reasons stated I find that this Court has no jurisdiction of this proceeding under Title 7 U.S.C.A. § 608c (15).

During the course of the argument there was considerable discussion of the Administrative Procedure Act, Title 5 U.S.C.A. § 1001 et seq. and particularly Section 1009. If the proceeding for review under Title 7 U.S.C.A. § 608c (15) is inadequate, plaintiff may have an action against the Secretary in the District Court for the District of Columbia, where the Secretary has official residence. I am satisfied there would be no venue in this court of any such action against the Secretary.

This Court intimates no opinion with respect to the adequacy of the remedy under the facts alleged by plaintiff, and intimates no opinion with respect to the nature and extent of the relief which might be granted to plaintiff in any proceeding brought against the Secretary in the District of Columbia.

I will enter an appropriate order dismissing the complaint.[2]

2. There is no case in point but this decision is supported generally by statements in the following cases: United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; Benson v. Schofield, 98 U.S.App.D.C. 424, 236 F.2d 719, certiorari denied 352 U.S. 976, 77 S.Ct. 363, 1 L.Ed.2d 324; and on the venue point by Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534; Stroud v. Benson, 4 Cir., 254 F.2d 448.