UNITED STATES of America

v.

Howeth M. MILLS and Crawford Mills, as individuals, and d/b/a Mills Dairy Products Company, a co-partnership.

UNITED STATES of America

v.

Brice G. TWILLEY, individually, and Brice G. Twilley, d/b/a Twilley's City Dairy.

UNITED STATES of America

v.

Nesbit C. MURPHY, individually, and Nesbit C. Murphy, d/b/a Shiloh Dairy Farms.

Civ. Nos. 12116, 12118, 12119.

United States District Court
D. Maryland.

June 30, 1960.

· Leon H. A. Pierson, U. S. Atty., Baltimore, Md., and Donald B. MacGuineas and Irwin Goldbloom, Attys., Dept. of Justice, Washington, D. C., and Joseph A. Walsh, Atty., Dept. of Agriculture, Washington, D. C., for plaintiff.

Ben Ivan Melnicoff, Washington, D. C., and Lawrence I. Weisman, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This is an action under sec. 8a(6) of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 608a(6), to require defendants to comply with the provisions of Order No. 127, 24 FR 11071, 7 CFR Part 1027, Regulating the Handling of Milk in the Upper Chesapeake Bay Marketing Area, and particularly to file the reports required thereunder. The same order was discussed in Willow Farms Dairy, Inc. v. Benson, D. C.Md., 181 F.Supp. 798, affirmed 4 Cir., 276 F.2d 856. See also D.C., 181 F.Supp. 802. The principal defense is that the record keeping and reporting requirements of Order No. 127 are null and void and unenforceable because of failure to comply with the provisions of the Federal Reports Act of 1942, 5 U.S.C.A. § 139 et seq. The Government replies (a) that the Federal Reports Act does not apply to the reports required by Order No. 127, (b) that its provisions were nevertheless complied with, (c) that failure of the Secretary of Agriculture to comply with the provisions of the Federal Reports Act would not justify defendants in refusing to comply with the requirements of Order No. 127, and (d) in any event, that the point cannot be raised in defense to this action, but must be raised in a proceeding under 7 U.S.C.A. § 608c(15).[1] The Government seeks a summary judgment.

1. The provisions of 7 U.S.C.A. § 608c(15) were set out in full in the Willow Farms Dairy case, 181 F.Supp. at page 799, n. 1, and need not be repeated here.

Order No. 127 was issued pursuant to the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq., and to the Decision on Proposed Marketing Agreement and Order, dated November 20, 1959, 24 FR 9441. The reporting and other administrative provisions of Order No. 127 became effective on January 1, 1960, the pricing and paying provisions on February 1, 1960. Defendants have filed petitions with the Secretary of Agriculture under 7 U.S.C.A. § 608c(15) (A), challenging the validity of Order No. 127 and the obligations thereunder.

The Market Administrator has determined that, during the months of January and February 1960, defendants were handlers of milk as defined in Order No. 127 and subject to regulation thereunder; that said Order obligates handlers subject thereto to file monthly reports of their operations within specific dates after the end of each month, showing receipts of milk and the use made thereof, for the purpose of fixing, each month, the monetary obligations of each handler under the Order, and to maintain books and records to enable the Market Administrator to verify the accuracy of such reported data; and that defendants have failed and refused to file the requisite reports for January and February 1960.

It is doubtful whether such reports fall within the provisions of the Federal Reports Act, 5 U.S.C.A. § 139 et seq., which deals with the "Coordination Of Federal Reporting Services", since the purpose of the reports involved in this case is not to collect "information", but to carry out the provisions of the Marketing Agreement and Order. Assuming that the Federal Reports Act does apply, it is doubtful whether the failure of the Secretary to submit these forms to the Director of the Bureau of the Budget under such a "housekeeping" statute would excuse defendants from complying with an otherwise valid order.

But it is not necessary or proper to decide those questions in this case, because it is clear under United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290, and other cases cited herein, that defendants must first raise such questions in the 608c(15) (A) proceeding.[2] If they are decided adversely to the defendants by the Secretary, defendants may obtain a review by this court of the Secretary's ruling. See sec. 608c(15)(B). But it is specifically provided that the pendency of such proceedings shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to sec. 608a(6). United States v. Ruzicka, supra; United States v. Ideal Farms, Inc., D.C.N.J., 162 F.Supp. 28, affirmed 3 Cir., 262 F.2d 334; United States v. Hinman Farms Products, Inc., D.C.N.Y., 156 F.Supp. 607. Defendants cited United States v. Tapor-Ideal Dairy Co., D.C.N.D.Ohio, 175 F. Supp. 678; but the defendant in that case was not contesting the validity of the marketing order or of any obligation imposed in connection therewith, and this court is under no obligation to follow all of the dicta therein. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, also cited by defendants, involved a different statute, and a situation where, but for the general jurisdiction of the federal courts, there would have been no means within the control of the plaintiffs to protect and enforce their rights. In the instant case Congress has provided such means, namely, sec. 608c(15) (A) and (B).

There is no genuine issue as to any fact material to the decision of this point or the decision of the other points raised by defendants. The equities involved are fully discussed in United States v. Ruzicka, supra.

The Government's motion for summary judgment is granted. I will enter a proper order or injunction requiring defendants to comply fully with Order No. 127, commanding them to file forthwith with

**2.** The Government has conceded that the points raised by defendant herein may be urged in the 608c(15) (A) proceeding.

the Market Administrator all reports prescribed by said Order, and to pay to the Market Administrator all obligations accrued for all months from February 1960 to date.

The court will retain jurisdiction of this action for the entering of such further orders and judgments as may be necessary to give full relief to all parties. See United States v. Ideal Farms, supra.