**UNITED STATES of America,**
**Plaintiff,**

v.

**BOONVILLE FARMS COOPERATIVE,**
**INC., Defendant.**

Civ. No. 9241.

United States District Court
N. D. New York.

Jan. 6, 1964.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., George B. Burke, Asst. U. S. Atty., of counsel, for plaintiff.

Harry Rosenberg, West Hempstead, N. Y., for defendant.

JAMES T. FOLEY, Chief Judge.

This specialized type proceeding commenced by the Secretary of Agriculture under the provisions of § 8a(6) of the Agricultural Marketing Act of 1937, as amended, 7 U.S.C. § 601 et seq., got lost along the way in confusion. Before the government did anything and after the answer was filed, the defendant moved before me to take the depositions of certain named accountants in the office of the Market Administrator of the New York-New Jersey Milk Marketing Area and for the production of designated records and forms allegedly relevant to defense. As I recollect, there was no formal opposition orally or in writing to the grant of such order by the government, although express consent was not given. In the spirit of the extreme liberality of our Federal Rules I granted the motion from the bench. I admit I was completely unknowledgeable about the proceeding and the limited jurisdiction conferred by Statute. An order was signed in accordance with my oral grant on January 14, 1962. Thereafter, apparently due to better lines of communication, the government moved to vacate the order allowing depositions and dis-

covery, and also moved separately for summary judgment returnable February 4, 1963. After several adjournments, the motions were granted and separate orders signed March 4, 1963. The next complication was that the attorney for the defendant who had not appeared on the return or adjourned days of the motions made by the government to argue in opposition felt aggrieved that his failure to appear personally may have led to the granting of the motions by default. I do feel there was sufficient notice and information given several times to the attorney for the defendant for personal appearance. In accordance with our custom he should have appeared in opposition, or informed the Clerk in proper fashion he would not. In the interests of justice, I have allowed a motion by defendant for reargument to be filed and entertained in regard to the previous orders signed and entered in favor of the government.

The case law is settled and steady to the effect that under the record presented here by the government there is no genuine issue of fact, and in view of the limited and specific jurisdiction conferred by the Statute, summary judgment must be granted. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; Willow Farms Dairy, Inc. v. Benson, 181 F.Supp. 798; aff'd. 4 Cir. 276 F.2d 856; United States v. Hinman Farms Products, Inc. (NDNY), 156 F.Supp. 607; United States v. Mills Dairy Products Co. et al, (D.C. Maryland), 185 F.Supp. 709). The affidavit in opposition filed by the defendant is lacking the citation of any legal authority and contains merely the assertion that there is a travesty of justice and unwarranted rubber-stamp approval of administrative procedures. Such procedures are authorized clearly by the Congress, as is the limited function of the District Court. (See United States v. Mosby, (D.C.E.D.Miss.), 221 F.Supp. 624).

The motion to reargue is dismissed and the orders dated March 4, 1963 are reaffirmed and shall stand as signed.

It is so ordered.